# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| NADONTE LARRIMORE,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN GASTELO,<br><br>          Respondent. | No. CV 19-8299-CJC (PLA)<br><br>**ORDER DISMISSING SUCCESSIVE PETITION WITHOUT PREJUDICE** |

## I.
## BACKGROUND

On September 25, 2019, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). In the Petition, petitioner challenges his 2003 conviction for two counts of first degree residential burglary (Cal. Penal Code §§ 459, 460(a)) by alleging a due process violation based on a recent Supreme Court decision. (See ECF No. 1 at 2, 5, 9-25).

In 2006, petitioner filed a previous habeas petition in this Court (the "2006 Petition"). (See Case No. CV 06-1125-CJC (PLA), ECF No. 1). Petitioner in the 2006 Petition raised the following claims: (1) the evidence was insufficient to sustain the conviction on both burglary counts; (2) the trial court violated petitioner's constitutional rights by admitting preliminary hearing testimony; and

(3) petitioner's conviction was based on uncorroborated accomplice testimony. (Id., ECF No. 34 at 5). On June 12, 2008, after considering petitioner's claims on the merits, the Court entered judgment dismissing the 2006 Petition with prejudice. (Id., ECF Nos. 34, 39, 40). The Court also granted a certificate of appealability on petitioner's claim regarding the admission of preliminary hearing testimony. (Id., ECF No. 44). On appeal, the Ninth Circuit affirmed the judgment. (Id., ECF No. 52).

## II.
## **DISCUSSION**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As set forth above, petitioner's 2006 Petition, which challenged his 2003 conviction, was dismissed with prejudice on June 12, 2008. (See Case No. CV 06-1125-CJC (PLA), ECF Nos. 34, 39, 40). In the instant Petition, which again attacks petitioner's 2003 conviction, petitioner seeks habeas relief based on the Supreme Court's decision in Sessions v. Dimaya, \_\_ U.S. \_\_,

2

138 S.Ct. 1204, 200 L.Ed.2d 549 (2018), in which the Court held that the definition of "crime of violence," as defined in 18 U.S.C. § 16(b), was impermissibly vague. In <u>Dimaya</u>, the respondent, a native of the Philippines, was convicted of first-degree burglary under California law. During removal proceedings, it was found that the respondent was deportable because first-degree burglary qualified as a "crime of violence" under 18 U.S.C. § 16(b).[1] On appeal, the Ninth Circuit held that the language of § 16(b) was unconstitutionally vague, and the <u>Dimaya</u> Court affirmed.[2] In the instant Petition, it appears that petitioner relies on the <u>Dimaya</u> holding to argue that his first degree burglary conviction in 2003 was wrongly categorized under California sentencing law as a "violent" felony, and should have been categorized only as a "serious" felony.[3] (ECF No. 1 at 10-14).

In light of the earlier dismissal of the 2006 Petition, the Court concludes that the instant Petition is successive. Even if petitioner could satisfy any of the exceptions listed in 28 U.S.C. § 2244(b)(2)(A) or (B),[4] he is still required to request *and obtain* authorization from the Ninth Circuit

---

[1] Under the Immigration and Nationality Act, an alien convicted of an "aggravated felony" while in the United States may be deported. 8 U.S.C. § 1227(a)(2)(A)(iii). The list of offenses that qualify as aggravated felonies includes "a crime of violence (as defined in section 16 of Title 18 . . .) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). The referenced statute, 18 U.S.C. § 16, provides the federal criminal code's definition of "crime of violence." At issue in <u>Dimaya</u> was the language of § 16(b), known as the residual clause, which defined "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b); <u>Dimaya</u>, 138 S.Ct. at 1211.

[2] The Supreme Court struck down § 16(b) because it had two features that rendered it unconstitutionally vague: "an ordinary-case requirement and an ill-defined risk threshold, [that] necessarily 'devolv[ed] into guesswork and intuition,' invited arbitrary enforcement, and failed to provide fair notice." <u>Dimaya</u>, 138 S.Ct. at 1223 (citation omitted).

[3] In California, whether an offense qualifies as "serious" or "violent" is statutorily prescribed. The crime at issue here -- first degree burglary -- is listed under California Penal Code § 1192.7(c)(1)(18) as a "serious felony," and also qualifies as a "violent felony" under California Penal Code § 667.5(c)(21) if it is charged and proven that another person, other than an accomplice, was present during a residential burglary.

[4] In particular, petitioner's reliance on the <u>Dimaya</u> decision could be construed as an argument that the instant Petition satisfies 28 U.S.C. § 2244(b)(2)(A), which allows a successive petition to be filed if the habeas claims rely on a new rule of constitutional law that was made
(continued...)

before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.Ct. 793, 798, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the court of appeals before filing a second habeas petition). Because there is no indication that petitioner has obtained such authorization from the Ninth Circuit, the Court is without jurisdiction to entertain the instant Petition. See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Accordingly, dismissal of the Petition without prejudice as successive is appropriate.[5]

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice** as successive.

DATED: October 9, 2019

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[4](...continued)
retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Petitioner has made no showing, however, that the Dimaya Court's ruling -- which invalidated a portion of *federal* sentencing law as unconstitutionally vague -- has any bearing on the constitutionality of California's Penal Code section listing the specific offenses that qualify as "violent" felonies for state sentence enhancement purposes. See Cal. Penal Code § 667.5(c).

[5] Petitioner is advised that if he wishes to make a successive habeas application, he must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit Court of Appeals. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

If petitioner obtains permission from the Ninth Circuit Court of Appeals to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today. If petitioner files a new petition, the Court will give that petition a new case number.